IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALMA PEREZ, | § | |
| Plaintiff, | § § § | |
| v. | § § | NO. _____ |
| HEALTHCARE SERVICES GROUP, INC. | § § | JURY DEMANDED |
| Defendant. | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Pursuant to §207 and §216 of the Fair Labor Standards Act of 1938 (FLSA), Plaintiff, Alma Perez ("Plaintiff") files this Original Complaint against Defendant Healthcare Services Group, Inc. ("Defendant") and would respectfully show as follows:

### A.  PARTIES

1.  The Plaintiff is Alma Perez. She is a resident of Houston, Texas. Plaintiff was employed by Defendant within the meaning of the FLSA.

2.  Defendant Healthcare Services Group, Inc. is a foreign for-profit corporation with its principal place of business in the state of Pennsylvania, engaged in commerce and subject to the FLSA. This Defendant was Plaintiff's employer. Defendant may be served with process by serving its registered agent for service of process, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

## B. JURISDICTION

3. This court has subject matter jurisdiction of this action pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331. The Plaintiff's claims arise under the Fair Labor Standards Act, as amended, 29 U.S.C. §201, et seq. (hereafter referred to as the "FLSA"). This case presents a federal question.

## C. VENUE

4. Pursuant to 28 U.S.C. §1391(b)(1) & (2), venue for this suit is proper in this district and division because it is the district and division in which the Defendant resides, and in which a substantial part of the events or omissions giving rise to the claim occurred.

## D. FACTS

5. Plaintiff Alma Perez was employed by the Defendant beginning on December 1, 2013 in the position of account manager. She was improperly classified as an exempt employee and was not eligible for overtime at one and one-half times her regular rate of pay when she worked over 40 hours in a week. When Plaintiff was employed by Defendants, she was engaged in commerce or in the production of goods for commerce.

6. Defendant, Healthcare Services Group, Inc. ("HSG"), is in the business of providing housekeeping, laundry, dining and nutrition services to St. Dominic Village in Houston, Texas. At all relevant times, HSG has been and continues to be engaged in interstate commerce, and/or is an enterprise engaged in the production of goods for commerce. HSG employs individuals, like Plaintiff, who have been and/or continue to be engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §203. At all relevant times, the gross operating revenues of HSG exceed $500,000.

2

7. During most of Plaintiff's employment she was not required to clock-in and clock-out. She worked under the direction and control of Defendant's supervisors. Plaintiff was classified as an account manager in the housekeeping group and paid a salary. Plaintiff was classified as exempt from the Fair Labor Standards Act.

8. Plaintiff's primary job duty consisted of cleaning, stripping and waxing floors, doing laundry, dusting and mopping, cleaning rooms and removing trash.

9. Plaintiff's primary duty did not include management or supervision of HSG employees. Plaintiff spent the vast majority of her work day performing manual labor. As an account manager, Plaintiff is required to cover for staff, and spent most of her time cleaning.

10. Plaintiff's suggestions and recommendations as to hiring, firing, promotion or other change of status of HSG employees were not given particular weight.

11. Plaintiff was closely supervised by the district manager, who instructed her on daily tasks and controlled and directed her work.

12. There was no agreement between Plaintiff and HSG that her salary was intended to compensate her for hours worked in excess of forty (40).

13. Plaintiff's work did not involve the performance of office work directly related to the management or business operations of HSG, nor did it involve the performance of non-manual work directly related to the management or business operations of HSG or its customers.

14. Plaintiff was required to follow strict policies and procedures of HSG in performing her regular every day duties, and did not exercise discretion and independent judgment when performing her duties.

15. Plaintiff was not allowed to report all the hours she actually worked.

16. As a result of Defendant's actions, Plaintiff sustained damages. The exact amount of Plaintiff's damages is unknown at this time and will be calculated when Defendant discloses Plaintiff's payroll records.

17. The violations of the FLSA outlined above were committed willfully or with reckless disregard for whether Defendant's actions were prohibited by the FLSA; therefore, Plaintiff is entitled to overtime pay for the period of 3 years preceding the filing of this suit.

18. Plaintiff complained to her supervisor about the hours she was working over 40 per week and Defendant's failure to pay her overtime for those hours. Shortly thereafter, Plaintiff was terminated allegedly for poor performance, insubordination, and rule violations.

### E. CAUSES OF ACTION

**COUNT 1—VIOLATION OF THE FAIR LABOR STANDARDS ACT (FLSA)**

19. The Plaintiff incorporates within Count 1 all of the factual allegations set forth in paragraphs 1-18, *supra*.

20. At all relevant times, Defendant has been and continues to be, an "employer" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §203. At all relevant times, Defendant has employed and/or continues to employ employees, including Plaintiff, who have been and/or continue to be engaged in interstate commerce or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §203. At all relevant times, Defendant has had gross operating revenues in excess of $500,000.

21. The FLSA requires Defendant, as a covered employer, to compensate all non-exempt employees for all hours worked, and to compensate all non-exempt employees at a rate

of not less than one and one-half times their regular rate of pay for work performed in excess of forty (40) hours in a work week.

22. Plaintiff is entitled to compensation for all hours worked, and for all overtime hours worked.

23. Defendant, pursuant to its policies and practices, failed and refused to compensate Plaintiff for work she performed in excess of forty (40) hours per week.

24. The Defendant violated §207 of the FLSA by employing the Plaintiff in any workweek, where she was engaged in and/or employed in an enterprise engaged in commerce or the production of goods for commerce for a workweek in excess of 40 hours, and by not compensating her for work hours in excess of 40 hours at a rate of not less than one and one-half times the regular rate at which she was employed. *See* 29 U.S.C. §207(a)(1). The Defendant knowingly, willfully or in reckless disregard carried out its illegal pattern or practice of failing to pay the Plaintiff all of her wages and overtime compensation for hours worked per week in excess of 40. The decision made by the Defendant to withhold overtime pay to the Plaintiff was not reasonable nor in good faith. Accordingly, the Plaintiff is entitled to her unpaid wages and overtime compensation, liquidated damages in an amount equal to her unpaid wages and overtime compensation, as provided by law and which she seeks from the Defendant by this suit.

25. Pursuant to the FLSA, the Plaintiff also seeks recovery of her reasonable and necessary costs, expenses and attorney's fees incurred in this matter for trial and appeal, if necessary, of this suit, and such other legal and equitable relief to which she is justly entitled.

26. The overtime work performed by Plaintiff was required by Defendant, for the benefit of Defendant, and was directly related to Plaintiff's principal employment with Defendant, and was an integral and indispensable part of her employment with Defendant.

27. The FLSA requires employees like Defendant to maintain accurate records of all hours worked. By failing to record, report, and/or preserve records of hours worked by Plaintiff, Defendant has failed to make, keep, and preserve records in violation of 29 U.S.C. §201 et seq., including 29 U.S.C. §§211(c) and 215(a). These violations were knowing and willful within the meaning of 29 U.S.C. §201 et seq.

**COUNT 2—RETALIATION FOR COMPLAINING ABOUT FLSA VIOLATION**

28. Plaintiff Alma Perez incorporates within Count 2 all of the factual allegations set forth in paragraphs 1-27, *supra.*

29. By complaining to the Defendant about its wage practices with respect to its failure to pay her overtime and working employees off the clock, the Plaintiff participated in protected activity under the FLSA. When the Defendant fired the Plaintiff within weeks of her protected activity, allegedly for poor performance, insubordination and rule violations, the Plaintiff was subjected to an adverse employment action. There is a causal link between the protected activity and the adverse action because (1) there is close temporal proximity between the protected activity and the adverse action; and (2) the reasons provided by the Defendant for the Plaintiff's termination are pretextual. In fact, on May 23, 2017 the Texas Workforce Commission ruled that Defendant did not prove that Plaintiff engaged in misconduct connected with her work, and awarded her unemployment benefits. The Plaintiff engaged in no work-related misconduct and was terminated shortly after complaining of the Defendant's violation of the FLSA.

30. By this suit, the Plaintiff seeks to recover from the Defendant all of her lost wages and benefits in the past, lost wages and benefits in the future, damages for mental anguish, exemplary damages, and all other elements of damages provided by law.

31. Pursuant to the FLSA, the Plaintiff also seeks recovery of her reasonable and necessary costs and attorney's fees incurred in this matter for trial and appeal, if necessary, of this suit.

**COUNT 3 – CONVERSION**

32. Plaintiff incorporates within Count 3 all of the factual allegations set forth in paragraphs 1-31, *supra*.

33. While Plaintiff was employed by Defendant she was required to furnish certain supplies to the Defendant because Defendant refused to pay for or furnish sufficient supplies to do the work properly. When she was terminated, Plaintiff asked for the return of her personal property but Defendant refused to release the items to her. All of the property listed below was owned by the Plaintiff and was her personal property. By not releasing this property to Plaintiff, Defendant wrongfully exercised dominion or control over the property, causing injury and damage to Plaintiff. The personal property consists of the following:

1. 1 ea. slow speed w/ a shampoo tank
2. 1 ea. back pack with tools
3. 1 ea. carpet fan
4. 1 ea. furniture dolly
5. 12 ea. wet floor signs
6. 2 ea. brute trash carts
7. 4 ea. staples steel racks
8. 1 ea. plastic rack
9. 1 ea. filing cabinet
10. 1 ea. office desk
11. 1ea. office shelf metal
12. 1 ea. small carpet & upholstery extractor
13. 1 ea. metal locking cabinet
14. 1 ea. tool box with tools
15. 2 ea. floor squeegees
16. 2 ea. extension cords
17. 1 bicycle (with three wheels)
18. Eyewash solution
19. 3 Single cut keys
20. 7 keys

21. Laundry Markers
22. Vacuum parts
23. Batteries
24. Service/Repair for SW 4034

34. In addition to the conversion of Plaintiff's personal property, Defendant is liable for non-reimbursed business expenses incurred by Plaintiff for the benefit of Defendant.

### F. JURY DEMAND

35. Plaintiff hereby requests a trial by jury.

### PRAYER

For these reasons, Plaintiff Alma Perez respectfully requests that Defendant be cited to appear and answer herein and that, following final hearing, she be awarded all of her unpaid back wages, unpaid overtime, liquidated damages, all of her lost wages and benefits in the past, lost wages and benefits in the future, damages for mental anguish, exemplary damages, and all of the elements of damages provided by law, costs, attorney's fees, post-judgment interest, and for such other relief, at law or in equity, to which she may be justly entitled.

Respectfully submitted,

THE LAW OFFICES OF FILTEAU & SULLIVAN, LTD., LLP

*/s/Robert J. Filteau*
Robert J. Filteau
State Bar No. 06997300
Fed. I.D. No. 3540
rfilteau@fso-lawprac.com
9894 Bissonnet Street, Suite 865
Houston, Texas 77036
(713) 236-1400 (Telephone)
(713) 236-1706 (Telecopier)

ATTORNEY-IN-CHARGE FOR PLAINTIFF
ALMA PEREZ

OF COUNSEL:

John A. Sullivan III
State Bar No. 19483500
Fed. I.D. No. 1398
jsullivan@fso-lawprac.com
9894 Bissonnet Street, Suite 865
Houston, Texas 77036
(713) 236-1400 (Telephone)
(713) 236-1706 (Telecopier)

And

THE LAW OFFICES OF FILTEAU & SULLIVAN, LTD., LLP
9894 Bissonnet Street, Suite 865
Houston, Texas 77036
(713) 236-1400 (Telephone)
(713) 236-1706 (Telecopier)